IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOVIA A. MARSHALL,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

No. C 14-04409 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this employment discrimination suit brought by a pro se plaintiff, defendant moves to dismiss on statute of limitations grounds. The motion is granted. Plaintiff is entitled leave to amend her complaint.

## STATEMENT

Plaintiff filed timely employment discrimination charges with the United States Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing in March 2014. Plaintiff received a right-to-sue letter from the DFEH on May 30, 2014, and commenced this action on October 1, 2014.

The complaint alleges that plaintiff was forced to resign from her job as a social worker with the In-Home Supportive Services for the City and County of San Francisco and not given reasonable accommodations for her learning disability. As a result, plaintiff suffered emotional

1  breakdowns due to severe stress and anxiety caused by the pressure to pass a training course
2  for the IHSS program. Also, the IHSS failed to keep plaintiff's disabilities confidential.
3  Plaintiff's sole claim for relief accuses the IHSS for the City and County of San Francisco
4  of violating the Americans with Disabilities Act in November 2013 for failing to engage in
5  an interactive process to find her reasonable accommodations for her learning disability.

6  Defendant argues that plaintiff fails to state a claim upon which relief can be granted
7  because her ADA claim was untimely.

**ANALYSIS**

This order holds that the statute of limitations for plaintiff's ADA claim has run because plaintiff did not file suit within ninety days of receiving a right-to-sue letter from the DFEH — as required by the ADA, 42 U.S.C. 2000e-5(f)(1). *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). Even though the statute of limitations is a defense, the complaint herein states facts that, on its face, shows the action is time-barred.

By receiving a right-to-sue letter from the California DFEH, plaintiff was entitled to a federal right-to-sue letter from the United States EEOC. *See Stiefel*, 624 F.3d at 1245. Although plaintiff does not allege to have received a right-to-sue letter from the EEOC, she did not need one in order to file her federal ADA claim. *Ibid*.

Unfortunately for plaintiff, she misinterpreted the DFEH right-to-sue letter and believed that it gave her one year to file her federal ADA claim. Rather, the DFEH right-to-sue letter specified that plaintiff had one year from May 30, 2014, to bring a civil action under the provisions of the California Fair Employment and Housing Act — the letter said nothing about the statute of limitations for an ADA claim (*see* Opp., Marshall Exh. C at 1).

A plaintiff generally has ninety days to file suit in federal court after receiving an EEOC or DFEH right-to-sue letter. *See* 42 U.S.C. 2000e-5(f)(1); *see also Stiefel*, 624 F.3d at 1245. This ninety-day filing period acts as a statute of limitations on an ADA claim. *Stiefel*, 624 F.3d at 1245.

"[T]he 90-day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances." *Id.* (quoting *Valenzuela v. Kraft*, 801 F.2d 1170, 1174 (9th Cir.

2

1986)).  "The purpose of the statute, the notice to defendant, and the diligence demonstrated by the plaintiff determine the availability of tolling[.]"  *Valenzuela*, 801 F.2d 1170 at 1175.

Plaintiff did not allege that she is entitled to equitable tolling of the ninety-day period to file her federal ADA claim.  The DFEH right-to-sue letter informed plaintiff that her right to sue may be tolled upon a request made to the EEOC to perform a substantial weight review of the DFEH's findings within fifteen days of receiving the right-to-sue letter (Opp., Marshall Exh. C at 1).  Plaintiff has not alleged that she made such a request.

Accordingly, plaintiff had until August 28, 2014, to file her ADA claim in state or federal court.  Because plaintiff did not file her complaint with this Court until October 1, 2014, the statute of limitations bars her ADA claim — unless plaintiff can state additional facts to demonstrate that she is entitled to equitable tolling or some other tolling that would make her ADA claim timely.  Alternatively, plaintiff may still bring a civil action in state court under the provisions of the California FEHA until May 30, 2015.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED** and the hearing set for January 20, 2015, is hereby **VACATED**.  Plaintiff will have until **FEBRUARY 3, 2015, AT NOON**, to move to amend via a motion noticed on the normal 35-day calendar.  A proposed amended complaint must be appended to plaintiff's motion to amend.  The motion should clearly explain how the amended complaint cures the untimeliness of plaintiff's federal ADA claim.  The amended complaint must state additional facts demonstrating that equitable tolling or some other tolling is justified.  If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: January 13, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3